USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-16-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NANCY HANSEN,

      Plaintiff,  :  08 Civ. 7350 (JFK)

 -against-      :  **MEMORANDUM OPINION**
              :  **& ORDER**
PROCTER & GAMBLE PHARMACEUTICALS, INC. :
AND AVENTIS PHARMACEUTICALS, INC.

      Defendants. :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

  Before the Court is a motion by Warner Chilcott (US) LLC and Sanofi-Aventis US LLC (the "Actonel Defendants"), successors in interest to the above-captioned defendants, to dismiss this case under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

  Plaintiff Nancy Hansen filed the complaint in this case on August 9, 2008, seeking damages stemming from her alleged use of the prescription drug Actonel, which she claimed caused her to develop osteonecrosis of the jaw. (Compl. ¶ 29.)  The case was accepted as related to a multi-district litigation pending before this Court, In re: Fosamax Products Liability Litigation, No. 06-MD-1789, involving the prescription drug Fosamax, which like Actonel is part of a class of drugs called bisphosphonates. (See id. ¶ 14.)

According to the complaint, Plaintiff was a resident of Michigan at the time the complaint was filed. (Id. ¶ 4.) Two law firms were listed as counsel for Plaintiff on the complaint: Kabteck Brown Kellner, LLP and Khorrami Pollard & Abir, LLP, both located in Los Angeles, California. (Id. at 20.)

In June and July of 2016, this Court held status conferences in a number of cases that are part of, or related to, the Fosamax MDL. Before that time, there had been no activity in this case by either side for nearly eight years. After this Court set a June 14, 2016 status conference, Plaintiff's counsel, Richard L. Kellner of Kabteck Brown Kellner LLP, reported to the Court that his co-counsel, Mr. Khorrami of Khorrami Boucher Sumner Sanguinetti LLP, was originally in charge of Plaintiff's case, but that Mr. Khorrami has since been disbarred and the Khorrami firm has been disbanded. (See Ltr. from Richard L. Kellner to the Court (June 10, 2016), ECF No. 6.) The Court granted an adjournment of the conference to allow Mr. Kellner time to investigate the case and attempt to track down Plaintiff. At a July 20, 2016 status conference, Mr. Kellner reported that he had not had any contact with the Plaintiff for five years and had been unable to locate Plaintiff or obtain the client files from Mr. Khorrami's firm.

On July 25, 2016, with leave of this Court, the Actonel Defendants filed a motion dismiss this action under Rule 41(b)

of the Federal Rules of Civil Procedure for failure to prosecute. (ECF No. 13.) On August 10, 2016, Mr. Kellner filed an opposition on Plaintiff's behalf. (ECF No. 15.) Mr. Kellner stated that his firm still had no contact information for Plaintiff and that Plaintiff had made no attempt to contact the firm. (Id. at 3.) Mr. Kellner further reported that when his firm discovered that the Khorrami firm was dissolved, it "used various resources to locate the client, including skip searches and private investigators," but was unable to locate her. (Id.) Nonetheless, Mr. Kellner requested, on August 10, 2016, an additional four months to locate Plaintiff. (Id. at 3.) In light of Mr. Kellner's request, on October 20, 2016, the Court set a status conference for December 12, 2016, to afford counsel a final opportunity to attempt to reach Plaintiff. At the conference, which was adjourned to December 15, 2016, Mr. Kellner advised the Court that he does not object to dismissal because, despite diligent attempts to reach Plaintiff, he has still not been able to do so.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). While the decision whether to dismiss an action under Rule 41(b) is a matter left to a district court's discretion, the Second Circuit has articulated five

factors to guide the exercise of that discretion.  A court should consider:  (1) whether the plaintiff's failure to prosecute has caused a delay of significant duration; (2) whether plaintiff has been given notice that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. <u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004.)

Having considered these factors, the Court finds that dismissal of this action is warranted.  Plaintiff has made no effort to prosecute this case for over eight years.  The Court afforded Plaintiff's counsel an additional four months to locate Plaintiff after the filing of the motion to dismiss.  Despite diligent efforts, counsel has been unable to reach Plaintiff and does not object to dismissal.  In light of Plaintiff's lengthy failure to advance her case in any way and counsel's fruitless attempts to reach Plaintiff, the Court is convinced that continued delay would result in unwarranted court congestion and prejudice to the defendants.

Accordingly, the Actonel Defendants' motion to dismiss under Rule 41(b) is granted.  The action is dismissed with

prejudice. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:	New York, New York
        December 16, 2016

                                    　　　　　　　　/s/ John F. Keenan
                                    　　　　　　　　Hon. John F. Keenan
                                    　　　　　　　　United States District Judge